UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LORENZO JARROD SNOW

                    Petitioner,

v.

N.Y.S. DOCCS, et. al.,

                    Respondents.
_____

1:20-CV-01164 JLS (MJR)

DECISION AND ORDER

The *pro se* petitioner, Lorenzo Jarrod Snow, is an inmate at Five Points Correctional Facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his New York state court sentence and continued incarceration are in violation of his constitutional rights. (Dkt. No. 1) Presently before the Court are petitioner's motions to amend his habeas petitioner to add additional respondents. (Dkt. Nos. 26, 34) For the following reasons, petitioner's motion to amend the petition to add respondents is denied.

*The Petition*

Petitioner challenges his state custody, which arises from two judgments of conviction from New York State Chemung County Court. (Dkt. No. 1) On March 14, 2016, petitioner was convicted, upon his guilty plea, of second-degree burglary, and was sentenced to a prison term of 4 years, plus 5 years of post-release supervision. (Dkt. No. 6) On December 12, 2016, petitioner was convicted, following a jury trial, of first-degree assault. (*Id.*) He was sentenced to a prison term of 20 years, plus 5 years of post-release supervision. (*Id.*) The sentence for the assault was ordered to run

concurrently with the sentence imposed for the March 14, 2016 burglary conviction (*Id.*) Petitioner now argues that because he has completed the 4-year sentence as to his burglary conviction and because his 20-year prison sentence for assault was "so vague and uncertain as to be invalid under the familiar principles of Due Process", his continued incarceration is invalid. (Dkt. No. 1) Petitioner also argues that it was "impossible" for him to be sentenced on his burglary conviction as a "first time felony offender" and later sentenced on his assault conviction as a "first time felony offender" rather than a second-time felony offender. (*Id.*)

<u>Request to Add Additional Respondents</u>

Petitioner contends that the New York State Office of Mental Health ("OMH") and OMH staff members have aided the New York State Department of Corrections and Community Supervision ("DOCCS") in keeping him wrongfully confined in violation of New York State Mental Hygiene Laws, Department of Health Rules and Regulations, New York State Public Health Laws, New York State Corrections Laws, the United States Constitution, and the Bill of Rights. (Dkt. No. 26) Petitioner claims that OMH employees misdiagnosed him, did not provide him with a proper mental health evaluation, and refused to provide care and treatment for his attention deficient disorder and oppositional defiant disorder. (*Id.*) Based on these allegations, petitioner moves to add the OMH as well as various unidentified OMH clinicians, doctors, and staff members as respondents to his habeas petition. (Dkt. Nos. 26, 34)

The Supreme Court has held that "there is generally only one proper respondent to a given prisoner's habeas petition…the person with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435

(2004). In *Rumsfeld*, the Supreme Court clarified that the proper respondent in a habeas petition is the immediate custodian who exercises day-to-day control over the prisoner's physical custody." *Id.* at 427 ("§ 2254 petitioners challenging present physical custody should name either the warden or the chief state penal officer as a respondent."). "This is because it is the 'custodian' who must make the return certifying the true cause of detention, *see* 28 U.S.C. § 2243, and who will have to carry out the order of the court if the writ is granted." *DeSousa v. Abrams*, 467 F. Supp. 511, 512 (S.D.N.Y. 1979). *See also Rules Governing § 2254 Cases*, Rule 2(a) (Where, like here, "the petitioner is currently under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Kendall v. INS*, 261 F. Supp. 2d 296, 299 (S.D.N.Y. 2003) ("A writ of habeas corpus is an order upon the person who holds [the prisoner] in what is alleged to be unlawful custody.") (internal citations and quotations omitted)).

  Here, neither OMH nor any of the OMH staff members providing mental health care and treatment to petitioner during his incarceration exercise day-to-day control over petitioner's body. Thus, they are not proper parties to this habeas action and cannot be added as respondents. *See Faulknew v. United States Marshal Serv.*, 3:20-CV-00035, 2020 U.S. Dist. LEXIS 18568 (D. Conn. Jan. 31, 2020) (United States Marshal Service not a proper respondent to habeas action because the agency did not exercise day-to-day control over petitioner's body); *Mance v. United States Parole Comm'n*, 16 Civ. 7249, 2017 U.S. Dist. LEXIS 75289 (S.D.N.Y. May 17, 2017) (United States Parole Commission not a proper respondent in a habeas petition because habeas writs must be directed to the "person having custody of the person detained");

*Becker v. Paterson*, 1:09-CV-392, 2010 U.S. Dist. LEXIS 57232 (N.D.N.Y. June 210, 2010) (governor of New York State not a proper respondent in a § 2254 petition since he was not the prisoner's custodian, who is typically the warden of the prison in which the prisoner resides).

    The proper respondent in this case is petitioner's custodian, namely the warden of the prison holding him, or the chief state penal officer. The petition here was initially filed against Anthony Annucci, Acting Commissioner of the New York State Department of Corrections, as well as the Commissioner of Wende Correctional Facility, where petitioner was incarcerated at that time. In addition, on March 22, 2022, this Court permitted petitioner to add Patrick Reardon, Superintendent of DOCCS Marcy Correctional Facility, following petitioner's transfer to Marcy Correctional Facility. Thus, the correct respondents have already been named in this action. Moreover, the Attorney General has appeared on behalf of the properly named respondents and has filed a response to plaintiff's habeas petition. Thus, the denial of petitioner's present motion to add respondents will have no effect on the claims raised in the habeas petition filed on August 28, 2020 and currently pending before the Court.

For these reasons, petitioner's motion to amend his petition to add additional respondents is denied.[1] (Dkt. Nos. 26, 34)

**SO ORDERED.**

Dated:  August 18, 2022
        Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge

---

[1] Petitioner again asks to be appointed counsel. (Dkt. No. 34) For all of the reasons set forth by this Court in its previous Decisions and Orders filed on August 27, 2021 and March 22, 2022 (Dkt. Nos. 25, 32), petitioner's motion for the appointment of counsel is denied without prejudice. To the extent petitioner is asking for review of this Court's previous denial without prejudice of his motion to proceed *in forma pauperis* for failure to provide the proper forms (Dkt. No. 34), such request is denied as moot since petitioner subsequently provided the requested information and was granted *in forma pauperis* status on May 10, 2022. (Dkt. No. 35) To the extent petitioner contends that there should be secure video and audio monitoring of his "food, cell, movement, correspondence, confinement, and property" and that Magistrate Judge Roemer should recuse himself from this case due to a conflict of interest, petitioner's requests are without legal or factual basis and are denied. Finally, petitioner asks for permission to communicate with the Court through video or phone conference in the event of a hearing or trial. No hearing, trial or oral argument has been scheduled in this case and therefore the request is denied as moot and without prejudice at this time.