UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

LORENZO JARROD SNOW

                    Petitioner,

        v.

N.Y.S. DOCCS, *et. al.*,

                    Respondents.

———————————————————

1:20-CV-01164 (JLS-MJR)

REPORT AND
RECOMMENDATION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr. (Dkt. No. 10) Petitioner Lorenzo Jarrod Snow has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1) For the following reasons, it is recommended that the petition be denied and that a certificate of appealability also be denied.

## BACKGROUND AND RELEVANT FACTS

### *Petitioner's Burglary Conviction*

On March 7, 2016, Lorenzo Jarrod Snow ("Petitioner") pled guilty to second-degree burglary in Chemung County Court. (Dkt. No. 7, pgs. 17-27) On March 14, 2016, Petitioner was sentenced, in accordance with the plea agreement, to a determinate term of four years incarceration as well as five years of post-release supervision. (*Id.* at 28-40) Petitioner filed an appeal with the New York State Appellate Division, Third Department ("Third Department"), arguing that his plea was not knowing, intelligent and voluntary. (*Id.* at 46) On March 29, 2018, the Appellate Division unanimously affirmed the judgment of conviction. *See People v. Snow*, 159 A.D.3d 1278 (3d Dep't 2018). Petitioner did not seek

leave to appeal his burglary conviction with the New York State Court of Appeals.[1] (Dkt. No. 1, pg. 2)

*Petitioner's Assault Conviction*

On August 20, 2015, a Chemung County grand jury indicted Petitioner for one count of attempted murder in the second degree and one count of assault in the first degree.[2] (Dkt. No. 7, pgs. 347; 354-55) A jury trial commenced on October 24, 2016, at the conclusion of which Petitioner was found not guilty of attempted murder but was convicted of assault. (*Id*. at 394-95) On December 12, 2016, Petitioner was sentenced to a determinate term of twenty years incarceration as well as five years of post-release supervision. (*Id*. at 392-93) Petitioner's sentence for his assault conviction was ordered to run concurrently with his sentence for burglary. (*Id*.) Petitioner appealed his assault conviction to the Third Department, arguing that the trial court gave incomplete supplemental instructions in response to a jury note, and that his trial counsel was ineffective in failing to object to those instructions. (*Id*. at 310-42) The Appellate Division unanimously affirmed the judgment of conviction. *See People v. Snow*, 170 A.D.3d 1276 (3d Dep't 2019). Petitioner sought leave to appeal from the Court of Appeals, and his application was denied on May 23, 2019. *See People v. Snow*, 33 N.Y.3d 1035 (2019).

*The Habeas Petition*

Petitioner filed the instant § 2254 Petition on August 20, 2020 (the "Petition"). (Dkt. No. 1; Dkt. No. 6, ¶1). Therein, Petitioner listed his burglary conviction as the conviction

---

[1] Petitioner also filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. (Dkt. No. 7, pg. 41) Chemung County Court denied Petitioner's motion on September 12, 2016, and Petitioner did not seek leave to appeal the denial of his § 440.10 motion. (*Id*.)

[2] The incident that precipitated these charges was unrelated to the incident which resulted in Petitioner's burglary conviction.

he intended to challenge. (Dkt. No. 1) However, all of the arguments raised by Petitioner pertained to the constitutionality of his confinement for the assault conviction. (*Id.*) Specifically, Petitioner argued, in his Petition, that he has completed his four-year prison sentence for burglary but that Respondents have unlawfully kept him incarcerated past his "mandatory release date." (Dkt. No. 1, pg. 6) Petitioner further argued that it was "impossible" for him to be sentenced for the burglary as a "first time felony offender" and then later sentenced for the assault as a "first time felony offender" instead of a "second felony offender." (*Id.*) Petitioner also asserted that he has "a right not to be detained under a judgment which is so vague and uncertain as to be invalid under the familiar principles of Due Process." (*Id.* at 14-15) The Petition raised no substantive grounds challenging the constitutionally of the burglary conviction or sentence, and all evidence in the record indicates that Petitioner had completed his burglary sentence when he filed the Petition.

*This Court's Prior Order*

On November 17, 2022, this Court issued a Decision and Order notifying Petitioner that, based on the arguments raised in the Petition and the date the Petition was filed, the Court intended to construe or recharacterize the Petition as a challenge to his assault conviction under § 2254.[3]  (Dkt. No. 41) The Court further notified Petitioner that, as a

---

[3] As the Court suggested in its November 22, 2022 Decision, Petitioner's limitation period for challenging the burglary conviction has expired. The Antiterrorism and Effective Death Penalty Act provides a one year statute of limitations for the filing of a writ of habeas corpus, beginning on the date the state court judgment became final through direct review or the expiration of time to seek direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the Third Department denied Petitioner's appeal of his burglary conviction on March 29, 2018. The next step would have been for Petitioner to file leave to appeal with the Court of Appeals within 30 days, which it does not appear he did. Thus, his burglary conviction became final on or about April 29, 2018, when Petitioner could no longer seek an appeal. *See Crawford v. Costello*, 27 Fed. Appx. 57, 59 (2d Cir. 2001). Petitioner then had one year, until on or about April 29, 2019, to file a timely federal habeas petition challenging the burglary conviction. The instant Petition was filed over a year after that deadline, on August 20, 2020. Therefore, any attempt to challenge the burglary conviction in the instant Petition is untimely.

result of the treatment of his Petition as a challenge to the assault conviction, "any subsequent § 2254 petition that [Petitioner] brings as a challenge to his [assault] conviction will be subject to the restriction on 'second' or 'successive' petitions set forth in 28 U.S.C. § 2254(b)." *Torres v. Cronin*, 6:19-CV-06426, 2019 U.S. Dist. LEXIS 197769 (W.D.N.Y. Nov. 14, 2019); (Dkt. No. 41). The Court then provided Petitioner the opportunity to withdraw the Petition or to amend the Petition to include all § 2254 claims he believed may be raised. (*Id.*) To that end, the Court directed Petitioner to respond within 30 days and advise the Court that he consents to his Petition being construed as a challenge to his assault conviction. Petitioner was further instructed that his response may include any and all additional grounds he believes he has to challenge his assault conviction. The Court further advised Petitioner that should he not file a response within 30 days, or should he submit a filing that was not responsive to the Court's directives in the November 17, 2022 Decision and Order, the Court would proceed to construe the Petition as a challenge to the assault conviction and would issue a Report and Recommendation accordingly.

    *Petitioner's Response*

    On November 28, 2022, Petitioner filed a seven-page, handwritten response to this Court's November 17, 2022 Decision and Order. (Dkt. No. 42) Indeed, it is difficult for the Court to fully understand or follow many of the arguments or statements made by Petitioner in his submission, and the majority of the filing appears to be non-responsive to the Court's prior Order. However, it is clear, from the Court's review of Petitioner's filing, that Petitioner maintains that his continued incarceration is unlawful and unconstitutional. Petitioner further asserts that his "assault sentence and commitment order…was [and] is

unlawfully administratively imposed by defendants." (*Id.* at 4) Based upon these statements in Petitioner's response, and for all the reasons previously discussed in the Court's November 22, 2022 Decision and Order, the Court will proceed to treat the Petition as a challenge to Petitioner's assault conviction.[4] For the reasons set forth below, the Court recommends that Petitioner's § 2254 Petition be denied in its entirety.

## DISCUSSION

### *Petitioner's Claims are Unexhausted*

A petitioner must exhaust all available state remedies, either on direct appeal or through collateral attack on his conviction, before he may seek relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Jackson v. Conay*, 763 F.3d 115, 133 (2d Cir. 2014). In order to exhaust all state remedies, "the petitioner must appraise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." *Galdamez v. Keane,* 394 F.3d 68, 73-74 (2d Cir. 2005). Thus, "[a] claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.'" *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997); *quoting Daye v. Attorney Gen. of the State of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982) (the claim must have been presented in a way that is "likely to alert the [state] court to [its] federal nature"). Moreover, a claim may be

---

[4] To the extent that Petitioner is still attempting to assert a challenge to his burglary conviction, any such argument should be denied. First, it appears that Petitioner has already completed his sentence for burglary and therefore is no longer "unlawfully confined" based on that conviction. Second, Petitioner has not raised any substantive arguments, in his Petition or otherwise, as to why he claims his conviction and sentence for burglary was unconstitutional. He does not claim that his guilty plea was invalid or that his burglary sentence was unlawful. Instead, he claims only that because he has now completed his burglary sentence he must be released from prison. Finally, for all the reasons stated in Footnote 1 of this Report and Recommendation as well as in this Court's November 17, 2022 Decision and Order, Dkt. No. 41, pgs. 4-5, any challenge to the burglary conviction in the instant Petition is untimely.

considered "fairly presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his claim on appeal, did one of the following: (1) relied on pertinent federal cases that employ constitutional analysis; (2) relied on pertinent state cases that apply constitutional analysis in similar factual situations; (3) asserted his claim in terms so particular as to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation. *Daye,* 696 F.2d at 194; *Irving v. Reid,* 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Here, the § 2254 Petition challenges the constitutionality of Petitioner's sentence for the assault conviction. While the Petition itself is not a model of clarity, Petitioner seems to argue the following (1) that it was improper for him to be sentenced for the assault conviction as a first-time felony offender; (2) that the assault sentence is "so vague and uncertain" that it violates due process; and (3) that he continues to be wrongfully incarcerated pursuant to a sentence that is generally illegal and/or improper.[5] Petitioner never challenged the validity of his sentence, under either state or federal law, on direct appeal. (*See Petitioner's Appellate Brief to Third Department,* Dkt. No. 7 at pgs. 315-42) Instead, on direct appeal to the Third Department, Petitioner argued that the trial court provided an improper response to a jury note and that his counsel was ineffective in failing to object to the court's treatment of the note. (*Id.*) Indeed, Petitioner did not raise any

---

[5] The Court previously advised Petitioner that, in his response to the November 17, 2022 Decision and Order, he may include any additional grounds he believed he had for challenging the assault conviction. Petitioner's November 28, 2022 response did not raise any new challenges or arguments as to the constitutionality of his assault conviction and sentence. (Dkt. No. 42) Instead, Petitioner continued to generally and conclusively suggest that he is being unlawfully detained because he has completed his burglary sentence and his assault sentence was "unlawfully administratively imposed by defendants N.Y.S. D.O.C.C.S." (*Id.* at pg. 4)

6

factual or legal arguments on appeal with regard to the constitutionality of his sentence for the assault conviction. Because Petitioner did not alert the state appellate courts of a challenge to his sentence based on federal law, or based on any law for that matter, the claims raised in his Petition are unexhausted. *See Simpson v. Poole*, 07-CV-00651, 2011 U.S. Dist. LEXIS 44332, *22-23 (W.D.N.Y. Mar. 29, 2011) (where § 2254 petitioner failed to raise a claim that he was improperly sentenced as a second felony offender before the state appeals court in "constitutional terms", the claim was rendered unexhausted); *Guaman v. Racette*, 14-CV-5160, 2016 U.S. Dist. LEXIS 15832 (S.D.N.Y. Feb. 5, 2016) (habeas claim based on excessive sentence was unexhausted where petitioner's state court appeal failed to identify "a single federal case, law, or constitutional provision in support of this claim.").

When a habeas petition presents unexhausted claims, the reviewing federal court must determine whether the petitioner would be able to return to state court to exhaust those claims. *Jackson*, 763 F.3d at 133. In some scenarios, a petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his state conviction or sentence. *Johnson v. Metz*, 609 F.2d 1052, 1055-56 (2d Cir. 1979). Under New York law, a defendant retains the right to collaterally attack the legality of his sentence "[a]t any time after entry of judgment" as long as the claim "was not previously determined on the merits upon an appeal." *See* N.Y. Crim. P. Law. ("NY CPL") §§ 440.20(1) & (2). Thus, Petitioner here still has remedies available in state court insofar as he could assert a challenge to his sentence in federal constitutional terms in a motion to vacate his assault sentence filed pursuant to NY CPL § 440.20. *See e.g., Naranjo v.*

*Filion*, 02 Civ. 5549, 2003 U.S. Dist. LEXIS 6287 (S.D.N.Y. Apr. 16, 2003) (petitioner's unexhausted excessive sentence and sentencing misinformation claims could still be raised in federal constitutional terms in a collateral NY CPL § 440.20 motion to the extent they challenged the legality of his sentence); *Santana v. Artuz*, 97 Civ. 3387, 2001 WL 474207 at *3 (S.D.N.Y. May 1, 2001) (sentencing claim is unexhausted because "convicted persons may collaterally attack their sentences at any time after conviction under [CPL] § 440.20"); *Cuadrado v. Stinson*, 992 F. Supp. 685, 687 (S.D.N.Y. 1998) (sentencing claim is unexhausted, because "unlike its counterpart for vacating a conviction, *see* N.Y. Crim. Proc. Law. § 440.10(2)(c), a motion to set aside a sentence under § 440.20 may not be denied on the basis that the asserted ground could have been raised on appeal but was not.").

Thus, the instant Petition presents an unexhausted claim that may still be raised before the state court. In such scenarios, federal courts have the option to dismiss the petition without prejudice, thereby allowing the petitioner to return to state court and exhaust his claim. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Trimm v. Sheahan*, 9:14-CV-0905, 2014 U.S. Dist. LEXIS 99999 (N.D.N.Y. July 23, 2014).[6] In the alternative, the habeas statute permits a reviewing court to dismiss the petition on its merits "notwithstanding the failure of the applicant to exhaust the remedies available in the

---

[6] In certain instances, a federal court may stay the petition while allowing a petitioner to return to state court to satisfy the exhaustion requirements. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). However, the Supreme Court has held that a habeas petitioner is not entitled to a stay unless he demonstrates both that (1) he had "good cause" for failing to exhaust his administrative remedies in state court before bringing his federal habeas petition; and (2) his unexhausted claims are "potentially meritorious." *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner has satisfied neither of these prongs and there are no exhausted claims in the Petition. Therefore, a stay would not be appropriate here. *See also Liao v. Evans*, 9:13-CV-0966, 2014 U.S. Dist. LEXIS 96378 (N.D.N.Y. July 16, 2014) ("federal courts should not be turned into a jurisdictional parking lot for unexhausted claims.").

courts of the state." 28 U.S.C. § 2254(b)(2); *Abuzaid v. Mattox*, 726 F.3d 311, 321-22, n.8 (2d Cir. 2013) (recognizing that a habeas petition asserting unexhausted claims may be denied on its merits). The statute does not articulate a standard for denying a petition containing unexhausted claims on the merits, and neither the Supreme Court nor the Second Circuit have specifically established one. However, the various formulations or standards suggested by courts in the Second Circuit share "the common thread of disposing of unexhausted claims that are unquestionably meritless." *Toliver v. Artus*, 11-CV-105, 2013 U.S. Dist. LEXIS 866 (W.D.N.Y. Jan. 3, 2013); *accord Williams v. Artus*, 691 F. Supp. 2d 515, 526-27 (S.D.N.Y. 2010) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "plainly meritless"). *See Robinson v. Phillips*, 04-C-3446, 2009 U.S. Dist. LEXIS 99417 (E.D.N.Y. Oct. 23, 2009) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "patently frivolous"); *Capers v. Superintendent*, 9:17-CV-555, 2018 U.S. Dist. LEXIS 22646 (N.D.N.Y. Feb. 9, 2018) (a majority of lower courts use a "patently frivolous" standard, while others use a "non-meritorious" standard, dismissing a claim when it is "perfectly clear that the [petitioner] does not raise even a colorable federal claim."). As detailed below, Petitioner's claims fail under any of these standards, as they are both unquestionably meritless and patently frivolous. Thus, for the reasons that follow, the Court recommends that the Petition be dismissed on its merits notwithstanding Petitioner's failure to exhaust his state court remedies.

### Petitioner's Claims Fail on their Merits

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts may only grant a habeas petition if the challenged state-court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" at the time of the state-court decision, or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court", *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013), and requires "a state prisoner [t]o show that the state's ruling on a claim being presented in federal court was so lacking in justification that there was an error…beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("If this standard is difficult to meet, that is because it was meant to be.").

The instant Petition is far from a model of clarity. However, as it is required to do with a *pro se* litigant, the Court has read the Petition liberally and has interpreted it "to raise the strongest arguments it suggests." *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation and quotation omitted). Petitioner initially argues that he has been illegally confined past his "mandatory release date." He claims that he is currently incarcerated based on a sentence that (1) is "without jurisdiction"; (2) is "not a certified court document"; and (3) "fail[s] to I.D. [him]." (Dkt. No. 1, pg. 6) These arguments are factually incorrect and plainly without legal merit. The state court records clearly reflect that Petitioner was found guilty of first-degree assault, a felony pursuant to New York State Penal Law, following a jury trial in Chemung County Court. (Dkt. No. 7, pgs. 394-55) On December 12, 2016, the trial court sentenced Petitioner to a determinative term of imprisonment of twenty years based on this conviction.[7] (*Id.* at 392-93; Dkt. No. 1, pg.

---

[7] As discussed in further detail later in the Report and Recommendation, this sentence was within the prescribed statutory range for a conviction of assault in the first degree under New York State Penal Law.

11) The sentence was ordered to run concurrently with Petitioner's March 7, 2016 sentence of four years imprisonment for burglary. (Dkt. No. 7, pgs. 392-93; Dkt. No. 1, pg. 11) Therefore, while Petitioner has now completed his sentence for the burglary conviction, he remains lawfully incarcerated pursuant to the twenty-year sentence he received as a result of the assault conviction. Petitioner was present for the assault trial, the jury verdict of guilty, and his sentencing. Indeed, the transcripts of each of these proceedings are part of both the state court record and the record before this Court. Petitioner's bald, conclusory, and unsupported assertions that the state court somehow lacked jurisdiction to sentence him or that the sentencing documents do not properly "identify him" are factually and legally frivolous. *See Webb v. Griffin*, 10-CV-0585, 2011 U.S. Dist. LEXIS 94802 (W.D.N.Y. Aug. 24, 2011) (dismissing petition on its merits where "factual allegations are too vague and conclusory to set forth a colorable ground for habeas relief").[8]

---

[8] Petitioner attaches, as an exhibit to his Petition, the Uniform Sentence and Commitment, which was completed by the Clerk of Chemung County Court at the time of his sentence for assault. (Dk. No. 1, pg. 11) The form states, in part, that: "said defendant be and hereby is committed to the Custody of…NYSDOCS…until released in accordance with the law, *and being a person not presently in the custody of NYSDOCS* (the County Sheriff)…is directed to deliver the defendant to the custody of NYSDOCS as provided in 7 NYCRR Part 103." (*Id.*) (emphasis added). Petitioner contends that this statement is incorrect because, at the time of his sentence for the assault conviction, he was already in the custody of NYSDOCS because of the burglary conviction. Petitioner seems to contend that because of this purported error, the Uniform Sentence and Commitment does not "properly identify him." Thus, he argues that his assault sentence is invalid, and that NYSDOCS lacks jurisdiction to continue to detain him. Even if this statement in the Uniform Sentence and Commitment is erroneous, Petitioner's argument lacks merit. For the reasons stated herein, Petitioner was legally sentenced by the state court following his conviction at trial. Moreover, the Uniform Sentence and Commitment correctly identifies Petitioner by name. It also accurately states that Petitioner was convicted of first degree felony assault, that he was sentenced to a determinate prison term of 20 years, and that such term was to run concurrently with the sentence he was already serving. (*Id.*) The statement identified by Petitioner appears to be, at most, a typographical error. It has no effect on NYSDOCS' "jurisdiction" over Petitioner or the length of Petitioner's sentence imposed by the state court. The alleged error does not implicate Petitioner's constitutional rights in any way nor does it not provide a basis for any form of relief.

Petitioner further asserts that it was "impossible" for him to be sentenced for the burglary conviction as a "first time felony offender" and later sentenced for the assault conviction also as a "first time felony offender" rather than a second felony offender. (Dkt. No. 1, pg. 6) Although Petitioner's burglary conviction predated his assault conviction, the trial court was correct in determining that the prior burglary conviction did not qualify as a predicate felony conviction for purposes of the assault sentencing. Under New York law, a second felony offender or a second violent felony offender is an individual who stands convicted of an enumerated felony after having been convicted of one or more predicate felonies. *See* N.Y. Penal Law §§ 70.04(1)(a), 70.06(1)(a). In order for a prior conviction to qualify as a predicate felony conviction, the sentencing court must determine, *inter alia*, that the sentence upon the prior conviction was "imposed *before the commission* of the present felony." *See* N.Y. Penal Law §§ 70.04(1)(b)(ii), 70.06(1)(b)(ii) (emphasis added). Petitioner committed the assault in July of 2015. However, he was not convicted of the burglary until several months later, on March 14, 2016. Because the burglary sentence was imposed *after* Petitioner committed the assault, the burglary conviction did not qualify as a predicate felony and there was no basis for the trial court to treat Petitioner as a second felony offender at the time of his sentencing for the assault.[9]

Petitioner further claims that the sentence he is currently serving for the assault conviction is "so vague and uncertain as to be invalid under the familiar principles of due process." (Dkt. No. 1, pgs. 14-15) Petitioner was sentenced to a determinate term of twenty years imprisonment followed by five years of post-release supervision. Further,

---

[9] In a reply to Respondents' answer and memorandum in opposition to the Petition, Petitioner indicates that he now concedes that, at the time of his assault conviction, he was correctly sentenced as a first-time felony offender. However, because the Petitioner raised this issue in his Petition, the Court has nonetheless addressed the argument on the merits.

the trial court specifically ordered that Petitioner's assault sentence was to run concurrently to the burglary sentence that had been imposed by the same court months earlier. Indeed, there is nothing "vague or uncertain" as to Petitioner's determinative sentence. Moreover, the Supreme Court and the Second Circuit have held that a defendant's due process rights at sentencing include that a defendant may not be sentenced based on materially false information; that a defendant must be given notice and a chance to contest the facts the sentencing authority relies on; and that a defendant must not be sentenced based on a material misapprehension of fact. *See Torres v. United States*, 140 F.3d 392, 404 (2d Cir. 1998); *Townsend v. Burke*, 344 U.S. 736, 740-41 (1948). Petitioner makes none of these specific claims here, and points to no evidence in the record indicating that these violations occurred. Indeed, the instant record is totally devoid of any evidence that would support such claims. Thus, Petitioner's general and conclusory assertion that the assault sentence violates his due process rights is unavailing and should be denied.

Finally, to the extent that Petitioner is attempting to argue that the assault sentence was harsh or excessive, his claim should also be denied. Petitioner was convicted of first-degree assault, a class B violent felony. *See* N.Y. Penal Law §§ 70.02(1)(a). Under New York state law, the trial court was authorized to impose a determinate sentence of between 5 and 25 years. *See* N.Y. Penal Law § 70.02(3)(a). Here, the trial court's twenty-year determinate prison term fell plainly within the range permitted by law. Since Petitioner's sentence is within the statutory limit, any claim that the sentence is excessive is not cognizable on federal habeas review and must be dismissed. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where

... the sentence is within the range prescribed by state law.") (citation omitted); *Santos v. Rock*, No. 10 Civ. 2896, 2011 U.S. Dist. LEXIS 86370, (S.D.N.Y. Aug. 5, 2011); *adopted by* 2011 U.S. Dist. LEXIS 100797 (S.D.N.Y. Sept. 7, 2011) ("An excessive sentence claim does not provide a basis for habeas relief because [n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.") (citation and quotations omitted); *Thomas v. Senkowski*, 968 F. Supp. 953, 956 (S.D.N.Y. 1997) ("It is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief.").

For these reasons, the claims raised in the Petition regarding the illegality or constitutionality of Petitioner's sentence for first degree assault are without merit and should be denied in their entirety.

### *Certificate of Appealability*

For a Certificate of Appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. Accordingly, the Court recommends that a Certificate of Appealability not be issued. The Court further recommends that the District Court certify, pursuant to 28 U.S.C. § 1915(a), that an appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

### **Conclusion**

For the foregoing reasons, it is recommended that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied in its entirety and on its merits. Because

Petitioner has failed to make a substantial showing of a denial of a constitutional right, it is also recommended that a Certificate of Appealability not be issued.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:    December 13, 2022
             Buffalo, New York

                                       _____
                                       HONORABLE MICHAEL J. ROEMER
                                       United States Magistrate Judge