UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LORENZO JARROD SNOW,

        Petitioner,

    v.                          20-CV-1164 (JLS) (MJR)

N.Y.S. DOCCS, *et al.*,

        Respondents.

## DECISION AND ORDER

Petitioner Lorenzo Jarrod Snow commenced this proceeding on August 20, 2020, when he filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. In March 2016, Snow pled guilty to second-degree burglary in Chemung County Court, and shortly thereafter was sentenced to a determinate term of four years incarceration. *Id.* at 1, 10. In October 2016, Snow underwent trial in a separate case resulting in a conviction for assault. *Id.* at 11. Snow's sentence in that case was a determinate term of twenty years incarceration, ordered to run concurrently with his burglary conviction. *Id.* Snow's petition lists his burglary conviction as the conviction he is challenging and does not list or provide information about his assault conviction. *See generally* Dkt. 1.

On December 31, 2020, Respondent filed a response to the petition, arguing that Snow's claim that his continued custody is unlawful is both unexhausted and meritless. Dkt. 6. Snow filed a reply on February 1, 2021.[1] Dkt. 12.

This Court referred the case to United States Judge Michael J. Roemer for all proceedings under 18 U.S.C. § 636(b)(1)(B) and (C). Dkt. 10. On November 17, 2022, Judge Roemer issued a decision and order directing Snow to clarify which conviction Snow seeks to challenge with his petition. Dkt. 41. While Snow listed the burglary conviction in the petition, as explained in Judge Roemer's order, Snow can only be challenging his assault conviction. That is because Snow has completed his four-year sentence related to the burglary, and, as he is no longer confined based on that burglary conviction, the only sentence he is currently serving—and the only one he could be challenge—stems from the assault conviction. *See generally* Dkt. 41. Given the rules against second or successive petitions, Judge Roemer's order provided notice to Snow that the Court intended to construe the petition as a challenge to his assault conviction under Section 2254. *Id.* at 6-7. Snow was directed to respond to the order within thirty days to advise whether he consented to the petition being construed as a challenge to his assault conviction, or to indicate whether he wanted to withdraw or amend the petition. *Id.* at 7-8.

---

[1] Snow has filed numerous other submissions and motions—such as motions to proceed *in forma pauperis*, for appointment of counsel, and for a hearing—which have already been resolved by Judge Roemer, *see* Dkts. 32, 38, or are not relevant to this decision and order.

Snow filed a response on November 28, 2022, *see* Dkt. 42, in which he maintains that he is challenging his burglary conviction, not his assault conviction, and that his assault "sentence and commitment order" was unlawfully imposed.

On December 13, 2022, Judge Roemer issued a Report and Recommendation ("R&R") recommending that the petition be denied and that a certificate of appealability also be denied. Dkt. 43. As previewed in the prior order, Judge Roemer treated the petition as a challenge to Snow's assault conviction. *Id.* at 5. The R&R recommends that the petition be dismissed because, notwithstanding Snow's failure to exhaust state court remedies, the claims raised regarding the illegality or constitutionality of Snow's sentence for assault are without merit. *Id.* at 9-14. Neither party filed objections to the R&R, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R and the relevant record for error. Finding none, and in the absence of objections, the Court accepts and adopts Judge Roemer's

recommendations to deny in its entirety and on its merits, and to not issue a certificate of appealability.

## CONCLUSION

For the reasons stated above and in the R&R, the relief sought in the petition is DENIED, and the petition is DISMISSED.  The Court concludes that Snow has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and, accordingly, DENIES a certificate of appealability.  The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore DENIES leave to appeal as a poor person.  *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

The Clerk is directed to close this case.

SO ORDERED.

Dated:       January 19, 2023
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

4